**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **RHONDA PARKS** | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-224 |
| | § | |
| **AUTOZONE INC.** | § | JURY TRIAL DEMANDED |
| **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, Rhonda Parks, files this Original Complaint complaining of AUTOZONE INC., Defendant.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1. This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(a) & (c).  In particular, Defendant is a corporation that maintains a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendant.

3. Parties to this suit are:

Plaintiff: Rhonda Parks, is an individual who is a citizen of the State of Texas and resides in Tyler, Texas within the Eastern District of Texas.

Defendant: AUTOZONE INC.. is a Nevada corporation who may be served by serving its registered agent, The Corporation Trust Company of Nevada, 311 S. Division St., Carson City, NV 89703.

## II.
## NATURE OF THE ACTION

4. On or about May 4, 2012, Plaintiff Rhonda Parks, driving a 2011 Ford Edge vehicle, was stopped in the left hand lane on Thomas Road in West Monroe, Louisiana. She was stopped because of traffic stopped ahead of her in her lane. Samantha Tello, driving an Autozone Ford Ranger pickup, was also traveling on Thomas Road in the middle lane and observed some traffic stopped in front of her. Rather than stopping behind the stopped vehicles, she changed lanes to the left lane and collided with Ms. Parks. Ms. Tello failed to keep a proper lookout, failed to control her speed, failed to slow to avoid a collision, failed to turn her vehicle to avoid the collision, and changed lanes when it was unsafe to do so. At all times Plaintiff was operating her vehicle in a prudent and safe manner.

5. At the time of the collision in question, Samantha Tello was in the course and scope of her employment with Defendant, and was driving a company vehicle. As a result of Tello's negligence and her vehicle colliding with the vehicle being driven by Ms. Parks, Ms. Parks suffered severe and debilitating injuries.

6. Tello was negligent in the manner in which she operated her company vehicle. Said negligence proximately caused the severe and traumatic injuries and damages to Ms. Parks.

7. At all times material hereto, Tello was employed by Defendant, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which she was employed by Defendant. Defendant is legally liable for Tello's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by

estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant, or was done in the normal routine course of the agency or employment of Defendant.

## III.
## ACTUAL DAMAGES

9. Rhonda Parks was 48 years old at the time of her injuries, the effects of which will continue for the remainder of her life. She was in good health and enjoyed an outgoing lifestyle. Before her injuries, Ms. Parks was industrious and energetic. As a result of the negligent and careless actions of Defendant's driver, Rhonda Parks has suffered serious injuries to her chest, neck and body generally.

10. Ms. Parks seeks damages which will reasonably and fairly compensate her for the following losses:

   a. Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by her as a result of the occurrence in question;

   b. Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Ms. Parks in the past, and which will in reasonable probability be incurred in the future;

   c. Physical impairment, both past and future;

   d. Physical disfigurement, both past and future; and

   e. Loss of earnings and loss of earning capacity, past and future

## PRAYER

11. Plaintiff requests that the Defendant be cited to appear and answer, and that on final

trial Plaintiff have:

    a.    All actual, economic and compensatory damages in an amount in excess of the minimum jurisdictional limits of the Court;

    b.    Prejudgment and postjudgment interest at the legal rate, costs of court, and

    c.    Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

12.    Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090
Facsimile:  (903) 597-3692
Keith Miller
State Bar No. 14093750

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

By:  /s/ *Blake C. Erskine*
       Blake C. Erskine
       State Bar No. 06649000
       blakee@erskine-mcmahon.com

ATTORNEYS FOR PLAINTIFF